UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| **EDGAR T. NUMRICH,** | ) | Case No. 3:12-cv-01593-SI |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| **LAURIE A WARNER**, Director, | ) | |
| **WILLIAM T. FINK**, Deputy Director, and | ) | |
| **KEVIN MCCARRON**, Manager | ) | |
| Collections Unit, in their personal and | ) | |
| official capacities as employees of the | ) | |
| Oregon Employment Department, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Edgar T. Numrich, *pro se*.

Ellen F. Rosenblum, Attorney General, and Damien Munsinger, Assistant Attorney General, Department of Justice, 1162 Court Street NE, Salem, OR 97301. For Defendants.

**SIMON, District Judge.**

In a prior Opinion and Order, this Court dismissed Plaintiff Edgar T. Numrich's original complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. *See* Op. & Order, Dkt. 37. With the Court's permission, Numrich

filed his First Amended Complaint ("FAC"). Defendants have moved to dismiss the FAC under Rule 12(b)(6). *See* Dkt. 41. For the reasons that follow, the Court GRANTS Defendants' Motion to Dismiss.

## BACKGROUND

Numrich largely repeats in the FAC the allegations and claims he raised in his original complaint, which the Court summarized in its previous opinion. *See* Op. & Order, Dkt. 37. Briefly, Numrich alleges that employees of the Oregon Employment Department ("Department") erroneously and unfairly determined that Numrich was not eligible for unemployment benefits for two particular periods of time. FAC ¶¶ 57-60, 91, 97. Because those benefits had already been paid to Numrich, the Department sought repayment. *Id.* ¶ 66. When Numrich did not repay the benefits that he received, Defendant Kevin McCarron filed a distraint warrant and writ of execution with the Multnomah County Clerk, recording the assessment due to the Department. *Id.* ¶¶ 84-85, 101; Decl. Numrich, Ex. A, Dkt. 18-1. Notice of the distraint warrant was mailed to Numrich, advising him that the filing "create[s] a lien upon any real property which you now own or may acquire" and that, if Numrich did not make payment immediately, "garnishment action may occur." Decl. Numrich, Ex. A, Dkt. 18-1. Numrich alleges that the recording of the distraint warrant is now reflected in his credit report and has prevented him from obtaining new credit. FAC. ¶¶ 105-108.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs.,*

OPINION AND ORDER, Page 2

*Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the plaintiff. *Wilson v. Hewlett-Packard Co.,* 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Coal. for ICANN Transparency, Inc. v. VeriSign, Inc.,* 611 F.3d 495, 501 (9th Cir. 2010). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Nw. Envtl. Def. Ctr. v. Brown*, 640 F.3d 1063, 1070 (9th Cir. 2011).

A complaint need not state "detailed factual allegations," but it must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Wilson,* 668 F.3d at 1140, quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009), citing *Twombly,* 550 U.S. at 556. The court, however, need not credit the plaintiff's legal conclusions that are couched as factual allegations. *Iqbal*, 556 U.S. at 678-79.

## DISCUSSION

### I.  Motion to Dismiss

Because Numrich is proceeding *pro se*, the Court construes his filings liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Considering both the FAC and Numrich's opposition to the motion to dismiss, the Court understands the FAC to allege five categories of claims: violations of procedural due process; violations of substantive due process; excessive force; mail fraud; and state constitutional violations. The FAC does not state a claim on any of the first four grounds, and the Court declines to exercise supplemental jurisdiction over the fifth.

*A.    Procedural Due Process*

Numrich's allegations revolve around the Department's administrative proceedings regarding Numrich's eligibility for unemployment benefits. Numrich claims that these proceedings were unfair and reached substantively unfounded conclusions; that his efforts to correct the records of the proceedings were rebuffed; and that the Department's Administrative Law Judges cannot impartially resolve disputes between the Department and claimants like Numrich. In other words, Numrich claims he has not received fair process from the state agency and state courts.

Procedural due process requires notice and an opportunity to be heard, provided at a time and in a manner so as to be meaningful. *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972). "To obtain relief on § 1983 claims based upon procedural due process, the plaintiff must establish the existence of '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process.'" *Guatay Christian Fellowship v. Cnty. of San Diego*, 670 F.3d 957, 983 (9th Cir. 2011) (quoting *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir.1993)).

The Court explained in its last Opinion and Order why Numrich's allegations in his original complaint did not state viable procedural due process claims. In particular, the original complaint alleged that the outcome of the agency and court proceedings was not fair but did not identify any deficiencies in the process itself. A litigant may not agree with how an agency or court views the evidence, and he may not agree with the agency's or court's ultimate determination. He may not believe that any attempt to appeal or challenge such a decision according to the agency's or the court's rules will be resolved in his favor. But the litigant's

procedural due process rights are not violated as long as he is provided meaningful notice and an opportunity to be heard. The FAC does not identify any deficiency of notice or lack of fair opportunity to present arguments to the Department or the state courts, regardless of whether Numrich availed himself of those opportunities. Nor does the FAC adequately address the many other pleading deficiencies identified by the Court in its prior Opinion and Order. The Court will not repeat its reasoning here. All claims in the FAC premised on procedural due process are dismissed. Because Numrich has already had an opportunity to cure these deficiencies, further leave to amend would be futile.

      B.     *Substantive Due Process*

In his opposition to Defendants' motion to dismiss, Numrich argues that he suffered a violation of his substantive due process rights. In addition to providing procedural protections, the due process clause of the Fifth and Fourteenth Amendments protects citizens against arbitrary government acts. "Arbitrary" in the constitutional sense includes "only the most egregious official conduct," or conduct that "shocks the conscience" of humanity. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). The "due process guarantee does not entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm." *Id.* at 848.

Accepting all of Numrich's allegations as true, an unfair denial of unemployment benefits and any resulting harm to Numrich's credit report does not shock the conscience. To conclude otherwise would demean this fundamental constitutional protection. The FAC does not state a claim, let alone a plausible claim, for substantive due process. Leave to amend would be futile.

### C.     *Excessive Force*

Construing the FAC liberally, the Court discerns a possible intention on the part of Numrich to allege a Fourth Amendment claim for excessive force. *See* FAC ¶¶ 86, 96, 116, 137. The Fourth Amendment protects citizens from unreasonable searches and seizures. As a component of this protection, the Supreme Court has recognized that law enforcement personnel cannot use excessive *physical* force when detaining or arresting individuals. *See Graham v. Connor*, 490 U.S. 386, 394 (1989).

There is no allegation in the FAC that Numrich's person or property were seized. The distraint warrant, by its own terms, was merely a public recording of the judgment against Numrich. There is also no allegation of physical force. The concept of excessive force under the Fourth Amendment does not reach allegedly hasty, aggressive, or ill-advised governmental action short of physical harm. Any claims premised on the Fourth Amendment are dismissed, and leave to amend would be futile.

### D.     *Mail Fraud*

The FAC alleges that Department employees committed mail fraud by mailing to Numrich the Department's decisions because those documents were based on false charges and spurious claims. *See* FAC ¶¶ 55, 59, 66-67, 140. In his response to Defendants' motion to dismiss, Numrich requests leave to amend the FAC to clarify that jurisdiction over his mail fraud claims is premised on the civil remedy provision of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c). *See* Pl.'s Resp. Opp'n Defs.' Mot. Dismiss at 16-17. Numrich's response also cites to the Hobbs Act, 18 U.S.C. §1951, suggesting an intention to plead both extortion and mail fraud as predicate acts for civil RICO liability. *See* 18

U.S.C. § 1961(1) (listing predicate offenses for RICO).

Numrich's nascent civil RICO claim is based on the theory that state employees committed a pattern of criminal acts when they mailed notices to him regarding the decisions of a state agency. There are many reasons why such a theory cannot succeed, but most fundamentally, Numrich has not alleged—and could not allege—the existence of the claimed predicate acts.

To make out the predicate act of mail fraud, Numrich would have to allege with particularity a "scheme or artifice to defraud." 18 U.S.C. § 1341; *see also* Fed. R. Civ. P. 9(b); *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1399-1401 (9th Cir. 1986). Numrich does not allege any actual fraud: he has not identified any misrepresentation in the letters he received, and he was not deceived or misled by the correspondence or by the underlying agency decision; he simply disagrees with it. *See id.* at 1400-01. Further, acts done in good faith, including the mailing of "routine, innocuous, business communications," cannot establish the requisite intent to defraud. *See O'Malley v. N.Y.C. Transit Auth.*, 896 F.2d 704, 707 (2d Cir. 1990). Thus, to allege the requisite fraudulent intent, Numrich must point to something more than the fact that Defendants mailed to him official and routine correspondence regarding a state agency's decision.

Similarly, Numrich's allegations do not make out a Hobbs Act violation, which requires allegations of robbery or extortion in the obstruction of commerce. *See* 18 U.S.C. § 1951(a). "Extortion" is further defined by the statute as the "wrongful use of actual or threatened force, violence, or fear, or under color of official right." *Id.* § 1951(b)(2). "Under color of official right" in turn refers to an official misusing the authority of his office to obtain unearned money. *See,*

*e.g.*, *United States v. Tillem*, 906 F.2d 814, 821 (2d Cir. 1990). There is no allegation of robbery, force, violence, fear, or the misuse of public office to obtain unearned money. Indeed, as a general matter, the conduct of administrative duties by government employees to further the enforcement of valid laws and regulations does not constitute extortion as a predicate act under RICO. *See Gillmor v. Thomas*, 490 F.3d 791, 799-800 (10th Cir. 2007).

The Court therefore dismisses any mail fraud claims in the FAC. Further, leave to amend the complaint to add civil RICO claims, whether premised on mail fraud or extortion, would be futile. Based on the detailed allegations raised in Numrich's original complaint, in his response to Defendants' first motion to dismiss, before this Court during oral argument on that motion, in the FAC, and Numrich's response to the Defendants' pending motion to dismiss, there are no plausible grounds for Numrich to assert a civil RICO claim against Defendants. The underlying theory of harm in the original complaint and the FAC simply does not fit within the civil RICO-mail fraud (or civil RICO-extortion) framework.

The Court also notes that even if Numrich could allege the predicate acts for a civil RICO claim, Defendants are likely immune from suit for the alleged conduct: however much Numrich might have disagreed with the content of the correspondence or the agency's decisions, the mailing of routine notices was within the scope of Defendants' official duties and did not violate clearly established statutory or constitutional rights. *See Pesnell v. Arsenault*, 543 F.3d 1038, 1042 (9th Cir. 2008) (government employees are not civilly liable under RICO for engaging in conduct within the scope of their official duties); *Cullinan v. Abramsom*, 128 F.3d 301, 308 (6th Cir. 1997) (qualified immunity applies to civil RICO claims); *Linne v. Rideoutte*, 971 F.2d 766 (D.C. Cir. 1992) (per curiam) (unpublished decision) (same).

### E.     State Law Claims

Having dismissed all federal claims alleged in the FAC, the Court declines to exercise supplemental jurisdiction over any state law claim. *See* 28 U.S.C. § 1367(c).

## II.     Other Pending Motions

The Court's dismissal of Numrich's amended complaint renders moot his pending motion for partial summary judgment. *See* Dkt. 46. In a filing titled "Objection for Purpose of Preserving the Record for Appeal," Numrich argues that the Court's order staying briefing on the partial motion for summary judgment "effectively turns [Defendants'] 12(b)(6) motion into one for summary judgment *without* requiring Defendants to submit *any* evidence while mooting Plaintiff's detailed and far-more-than-plausible evidence contained within his memorandum in support of his motion for summary judgment." *See* Dkt. 52 at 4. Numrich also states that "Defendants have offered no rebuttal to Plaintiff's detailed exposition and proof in the *Amended Complaint*." *Id.* at 6.

Numrich's comments suggest confusion about the nature of a motion to dismiss under Rule 12(b)(6). A defendant may move for dismissal under Rule 12(b) *before* filing an answer to the plaintiff's complaint—in other words, before providing any response on the merits to the plaintiff's allegations. Fed. R. Civ. P. 12(a)(4), (b). A court evaluates a motion to dismiss based entirely on the allegations in the complaint itself, as discussed above under the heading "Legal Standard." Only if a complaint states a claim for relief must the defendant answer the complaint. A motion for summary judgment, in comparison, tests whether there is a genuine dispute as to any material fact and whether the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). It is logical and proper to ask first whether a complaint states a plausible ground

for relief before requiring a defendant to answer the complaint, much less to gather evidence in response to a motion for summary judgment.

Numrich has also filed a Fourth Request for Judicial Notice to bring to the Court's attention the amendment of a Ninth Circuit opinion on which Numrich has previously relied. *See* Dkt. 50. As the Court has previously explained, *see* Dkt. 37, judicial opinions are not the typical subject of a request for judicial notice. Because Plaintiff is *pro se*, however, and because judicial notice under these circumstances will not unfairly prejudice Defendants, the Court grants the request.

## CONCLUSION

The Court GRANTS Defendants' Motion to Dismiss for Failure to State a Claim (Dkt. 41). The First Amended Complaint is DISMISSED without further leave to amend, and Plaintiff's federal claims are DISMISSED WITH PREJUDICE. Plaintiff's Motion for Partial Summary Judmgent (Dkt. 46) is DENIED AS MOOT. Plaintiff's Fourth Request for Judicial Notice (Dkt. 50) is GRANTED.

DATED this 23rd day of April, 2013.

/s/  Michael H. Simon
Michael H. Simon
United States District Judge